


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 12, 2019

**BY ECF and EMAIL**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
New York, New York 10007

    Re:  *United States v. Lattine Clark*, 17 Cr. 292 (VSB)

Dear Judge Broderick:

    The Government respectfully submits this letter in advance of the sentencing proceeding for defendant Lattine Clark, which is scheduled for April 18, 2019. For the reasons set forth below, the Government submits that a Guidelines sentence of 84 months' imprisonment is fair and appropriate.

<u>Background</u>

    Beginning in or about 2015, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Homeland Security Investigations ("HSI"), and the New York City Police Department ("NYPD") began investigating violence and drug-trafficking in the Hunts Point area of the Bronx. That investigation lead to the indictment of 25 individuals, in two separate but related Indictments, 17 Cr. 290 and 17 Cr. 292. PSR ¶ 19.

    Lattine Clark sold drugs, particularly crack cocaine, with other individuals in Hunts Point, from in or about 2015 through in or about May 2017. Clark worked with others to sell drugs, in an area of Hunts Point known as the "triangle," which is near the intersection of Hunts Point Avenue and Spofford Avenue. Co-defendants Michael Patterson and Trevon Nedd are among the individuals Clark sold drugs with. In his plea agreement, Clark agreed that he and his co-conspirators sold at least 280 grams of cocaine base. PSR ¶ 24.

    Clark also utilized multiple firearms in connection with his drug trafficking, some of which were brandished. For example, on or about October 16, 2016, in connection with an ongoing dispute arising out of a theft of drugs from Clark, several individuals fired upon Clark, and Clark fired back. Clark was shot during this exchange of gunfire. In earlier incidents involving some of the same individuals, (1) Clark used a gun to hit another individual; and (2) Clark fired a gun at

other individuals, but did not hit anyone.[1]  In addition, Clark possessed several guns in connection with his drug trafficking, in an apparent attempt to protect himself and his drug business.  PSR ¶ 25.

In the plea agreement, the parties stipulated that the defendant is in Criminal History Category II, and that the Stipulated Guidelines Sentence is 84 months' imprisonment.  The Probation Department found that the defendant is in Criminal History Category III, and also determined that the applicable Guidelines sentence is 84 months' imprisonment, the minimum required by the statute.  PSR ¶ 79.

## Discussion

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  543 U.S. at 264.  As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range": that "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see* 18 U.S.C. § 3553(a)(2); "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); the Guidelines range itself, *see* 18 U.S.C. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see* 18 U.S.C. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," 18 U.S.C. § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).  In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)    to afford adequate deterrence to criminal conduct;
(C)    to protect the public from further crimes of the defendant; and
(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines

---

[1] While the defendant did not object to this conduct, as set forth in the Presentence Report, he notes, in his sentencing submission, that he does not admit to this particular conduct relating to firearms.  Defendant's Sentencing Submission, at 5.

supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall* v. *United States*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

Here, a Guidelines sentence of 84 months' imprisonment is fair and appropriate. Such a sentence would reflect the seriousness of the offense, and provide just punishment. In connection with the sale of significant amounts of crack cocaine in the Hunts Point area of the Bronx, the defendant possessed – and brandished – firearms. In one incident, as set forth above, on or about October 16, 2016, in connection with an ongoing dispute arising out of a theft of drugs from Clark, several individuals fired upon Clark, and Clark fired back. Clark was shot during this exchange of gunfire, which took place in the middle of the afternoon, close to a New York City school. It is difficult to overstate the seriousness of the defendant's use of firearms, and the Government submits that a sentence of 84 months' imprisonment would help ensure the safety of others.

A sentence of 84 months' imprisonment would also take into account the defendant's history and characteristics. The defendant's criminal history includes prior violent acts, and the defendant has been sanctioned on at least four occasions while in custody for violations of institutional rules.[2] The appears to be a need for both specific and general deterrence in this case. Particularly in light of the defendant's involvement with firearms and violence, and prolonged drug trafficking, a sentence within the Guidelines range set forth in the plea agreement would be sufficient but no more than necessary to meet the goals of sentencing.

---

[2] The Government is endeavoring to obtain additional information about these violations from the Bureau of Prisons.

## **Conclusion**

For the reasons set forth above, and in accordance with the recommendation of Probation, the Government respectfully requests that the Court sentence this defendant to a term of imprisonment of 84 months.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


by:  /s/   Sarah Krissoff_____
Sarah Krissoff
Assistant United States Attorney
(212) 637-2232


Cc:  Peter Brill, Esq. (counsel for Lattine Clark)